**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.:

CLAUDIA BOLIVAR,

    Plaintiff,

v.

WALMART STORES EAST, L.P.,

    Defendant.
_____/

**DEFENDANT, WAL-MART STORES EAST, L.P.' S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-008265-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I. FACTUAL BACKGROUND**

1. On April 13, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart[1] in the 11th Judicial Circuit in and for Miami-Dade County, Florida. *See* Plaintiff's Complaint attached as Ex. "A." She later served her

---

[1] Plaintiff's initial Complaint named the improper corporate defendant. However, on May 7, 2020, the Plaintiff filed her Amended Complaint naming the proper corporate Defendant, Wal-Mart Stores East, L.P.

Amended Complaint naming the proper corporate Defendant, Wal-Mart Stores East, L.P. *See* Plaintiff's Complaint attached as Ex. "B."

2. The initial Complaint was served on April 29, 2020. *See* Service of Process attached as Ex. "C."

3. Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on October 7, 2019, while at the Wal-Mart store located at 11800 Hialeah Gardens Blvd., Hialeah Gardens, Florida 33018.. *See* Ex. "B" at ¶ ¶ 4-6.

4. Specifically, the Plaintiff alleges she slipped and fell on s slippery substance that was caused to be on the floor from a leak in the ceiling. *Id.* at ¶ 10.

5. Plaintiff alleges, *inter alia,* Wal-Mart breached its duty to provide the Plaintiff with a reasonably safe environment by negligently failing to maintain or adequately maintain the flooring/premises, thus creating a slip hazard, of which it knew or should have known about, and negligently failing to act reasonably under the circumstances. *Id.* at ¶ 12.

6. The Plaintiff is a resident of Miami-Dade County. *Id.* at ¶ 2.

7. The parties are diverse, as explained in further detail below, as Wal-Mart was at the time of the alleged incident, and currently, a Delaware Limited Partnership with its principal place of business in the State of Arkansas.

8. Further, the amount in controversy exceeds $75,000.00, as the ***Plaintiff's past medical bills from the date of the incident through February 20, 20 are approximately $30,603.00 and her future medical expenses total***

***$174,000.00 (conservatively) based on her doctor's treatment plan.*** *See* Redacted Medical Bills and Medical Report attached as Ex. "D."[2]

9. Additionally, the Plaintiff submitted a ***pre-suit demand letter dated January 7, 2020 requesting to resolve this case for $185,000.00***. *See* Redacted Demand Letter attached as Ex. "E."

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

11. Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit in and for Miami-Dade County, Florida together with a docket sheet from the Clerk of the Court. *See* Ex. "F."

12. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it first received service of a copy of Plaintiff's initial Complaint. Plaintiff's initial Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty

---

[2] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Wal-Mart can provide same at the Court's direction.

(30) day period commenced on April 29, 2020, when Plaintiff served her initial Complaint upon Wal-Mart.

14. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial District in and for Miami-Dade County, where Plaintiff filed her state court Complaint is located in Miami-Dade County Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

15. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A. Citizenship of CLAUDIA BOLIVAR**

16. Plaintiff is a resident of Miami-Dade County, Florida *See* Ex. "B" at ¶ 2. Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

17. Here, Plaintiff's Miami-Dade County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

**B. Citizenship of WAL-MART STORES EAST, L.P.**

18. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "G." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

## IV. AMOUNT IN CONTROVERSY

19. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, *it is clear from Plaintiff's (1) past medical bills which total $30,603.00, (2) future medical expenses which conservatively total $174,000.00, and (3) Plaintiff's offer to resolve this matter at $185,00.00*, that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs during the pre-suit time period); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit documents are competent evidence of the amount in controversy).

20. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

21. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

22. The relevant portions of Plaintiff's specifically detailed pre-suit demand (including medical bills and records) conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the ***Plaintiff's pre-suit demand letter which included past medical bills totaling $30,603.00, Plaintiff's medical record from her treating physician who recommended future medical care totaling $174,000.00 conservatively, and Plaintiff's demand of $185,000.00*** establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* Ex. "D" and "E." In addition to Plaintiff's past and future medical expenses, the Plaintiff's Complaint alleges damages for mental anguish, and loss of capacity for the enjoyment of life. *See* Ex. "B." at ¶ 14.

23. Plaintiff's past medical expenses total $30,603.00. *See* Ex. "D"

24. Additionally, Plaintiff's treating physician, Dr. Roberto Moya, devised a treatment plan and recommendation which included the following future medical expenses for:

| Medical Procedure | Cost Of Medical Procedure Estimated By Plaintiff's Treating Physician, Dr. Roberto Moya. |
|---|---|
| Therapeutic/diagnostic lumbar medial branch block | Estimated to cost between $4,000.00 - $30,000.00 |
| Laminotomy & Discectomy or fusion at levels | Estimated to cost between $115,000.00 - $150,000.00. |
| Left Knee Arthroscopy | Estimated to cost between $55,000.00 - $80,000.00. |

25. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

26. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records and bills provided by the plaintiff. *Id.*

27. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, 2010

WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

28. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson V. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.* [3]

29. Here, Plaintiff's pre-suit demand letter which includes medical bills indicating that **Plaintiff's past medical expenses total $30,603.00 and her**

---

[3] The court also considered plaintiff's refusal to admit or deny that damages exceeded $75,000.00 as evidence regarding the amount in controversy.

*future medical expenses will be $174,000.00 (conservatively),* is an honest assessment of her claimed damages as it is based on Plaintiff's past and future medical bills, as well as Plaintiff's alleged injuries and future medical care expenses. *See Katz,* 2009 WL 1532129 at 4.

30. Like *Stramiello* and *Wilson,* Plaintiff's pre-suit demand letter includes medical expenses incurred by the Plaintiff which exceed $75,000.00, in addition to medical records which indicate the plaintiff will incur future medical expenses for medical care. *Wilson,* 2010 WL 3632794, at *4; *Stramiello,* 2010 WL 2136550, at *3. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this initial Notice of Removal, Wal-Mart provided written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, of its Notice of Removal.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as

required by law, and that the aforesaid action, Case No. 2020-008265-CA-01, on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: May 20, 2020**

        Respectfully Submitted,

        */s/ Patricia Concepcion, Esq.*
        Jerry D. Hamilton, Esq.
        Florida Bar No.: 970700
        jhamilton@hamiltonmillerlaw.com
        William Edwards, Esq.
        wedwards@hamiltonmillerlaw.com
        Florida Bar No. 43766
        Patricia Concepcion, Esq.
        Florida Bar No.109058
        pconcepcion@hamiltonmillerlaw.com
        HAMILTON, MILLER & BIRTHISEL, LLP
        150 Southeast Second Avenue, Suite 1200
        Miami, Florida 33131
        Telephone: (305) 379-3686
        *Attorneys for Wal-Mart Stores East, L.P.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ *Patricia Concepcion*
Patricia Concepcion, Esq.


## **SERVICE LIST**

*Attorney for Plaintiff*

Carlos O Gomez, Esq.
Florida Bar No. 140554
Law Offices of Carlos O. Gomez, P.A.
102 East 49th Street
Hialeah, Florida 33013
Telephone:   305-698-3421
Facsimile:    305-698-1930
Primary E-Mail:  cogomezpa@aol.com
Secondary E-Mail:  sandor@cogomezlaw.com